**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TYWONIA HUGHES, ) | | |
| MARY FREELIX, and ) | | |
| ROSEMARY JEFFERSON, ) | | |
| on behalf of themselves and all others ) | | |
| similarly situated, ) | | |
| ) | | |
| Plaintiffs, ) | 08-cv-6191 | |
| ) | | |
| v. ) | Judge Robert M. Dow, Jr. | |
| ) | | |
| MERIT LINCOLN PARK LLC, ) | | |
| MERIT HEALTH SYSTEMS CORP., ) | | |
| MERIT HEALTH SYSTEMS, LLC ) | | |
| ) | | |
| Defendants. ) | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Movant Chester Height's ("Height") motion to reopen [44] the Court's November 12, 2009 final order and judgment [42, 43] in this case. For the reasons set forth below Height's motion is respectfully denied.

**I.  Background**

Plaintiffs Tywonia Hughes, Mary Freelix, and Rosemary Jefferson (collectively, "Plaintiffs") brought this class action lawsuit against Defendants Merit Lincoln Park LLC, Merit Health Systems Corp., and Merit Health Systems, LLC (collectively, "Merit") alleging violations of the Worker Adjustment and Restraining Notification Act, 29 U.S.C. §§ 2101-2109. On September 2, 2009, the Court preliminarily approved a settlement agreement, preliminarily certified a class action for settlement purposes only, and appointed class counsel. As part of its preliminary approval of the settlement agreement, the Court also approved class notice. The Court ordered class counsel to

distribute the class notice via first class mail, postage paid, "to all reasonably identifiable potential Class Members." [38 at 3.] The Court found that the distribution of the class notice in this manner was "reasonable and the best practicable notice under the circumstances;" reasonably calculated to inform members of the class of the litigation and their right to object or opt-out of the settlement; "constituted due, adequate, and sufficient notice to all persons entitled to receive notice;" and met the requirements of the Federal Rules of Civil Procedure and the Due Process Clause of the U.S. Constitution. [38 at 4.]

Pursuant to the Court's September 2, 2009 order, class counsel sent a notice entitled "Notice of Class Certification and Proposed Settlement" to members of the class by first class mail. Class counsel received addresses for members of the class from Merit's counsel. Among the notices that class counsel sent was a notice mailed to Movant Chester Height at an address on S. Eggleston Ave. in Chicago, Illinois. Pl. Resp. ¶ 2.

As of November 10, 2009, class counsel had received approximately twenty returned notices due to bad addresses. Pl. Resp. ¶ 1. Height's notice, however, was not returned, and Height does not dispute the fact that he received notice of the proposed settlement. Pl. Resp. ¶¶ 2, 9. The notice that Height received stated that, to ensure that each class member receives his or her portion of the settlement proceeds, each class member "MUST MAKE SURE THAT COUNSEL FOR THE CLASS HAS YOUR CURRENT AND CORRECT MAILING ADDRESS." Pl. Resp. ¶ 3.

On November 12, 2009, after holding a fairness hearing, the Court certified the class pursuant to Federal Rule of Civil Procedure 23(b)(3) for settlement purposes,

approved the parties' settlement, dismissed the case with prejudice, and entered judgment. In its order, the Court again found that the distribution of class notice in this case met the requirements of the Federal Rules of Civil Procedure and due process.

Consistent with the Court's order, class counsel sent settlement checks by first class mail to each member of the class who had not opted out. Class counsel sent Height's check for $2,845.13 to the same address at S. Eggleston Ave. in Chicago, Illinois where counsel had sent his notice. Pl. Resp. ¶ 4. Height's check was returned to class counsel because of a bad address. Pl. Resp. ¶ 5. Class counsel performed a search for Height's current address using Intelius, but was unsuccessful. Pl. Resp. ¶ 6. Counsel then held Height's check in trust until January 7, 2011, until, in accordance with the settlement order, class counsel issued a check for all the remaining funds to the Legal Assistance Foundation of Metropolitan Chicago. Pl. Resp. ¶¶ 7-8.

A year and eight months after the Court entered final judgment in this case, Height went to class counsel's office to speak to an attorney about his settlement check. Pl. Resp. ¶ 9. At the meeting, Height admitted that he had received notice of the class and the proposed settlement in the mail. Pl. Resp. ¶ 9. He stated, however, that after he received that notice, his house burned down causing an address change. Pl. Resp. ¶ 9. Height acknowledged that he did not contact class counsel to give them his updated mailing address. Pl. Resp. ¶ 9. Class counsel told Height that his settlement funds had been distributed to the Legal Assistance Foundation of Metropolitan Chicago.

After learning that his settlement funds were no longer available, Height filed this motion to reopen the case. In his motion, Height appears to acknowledge that his address changed between the time he received the proposed settlement notice and the time that

3

class counsel mailed his settlement check, but he argues that he notified his employer, Merit, of the change. Plaintiffs have responded to Height's motion, stating that although they sympathize with Height's circumstances, they "acted with due care and diligence throughout the administration of the common fund and in no way were derelict in their duty to Mr. Height." Pl. Resp. ¶ 11. Height did not file a reply.

## II. Analysis

Although Height does not specify the grounds on which he seeks to reopen this case, the Court will construe his motion as one pursuant to Federal Rule of Civil Procedure 60(b). Specifically, the Court will consider whether Rule 60(b)(1), (b)(4), or (b)(6) provide a basis for relief from judgment in this case.

"Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances." *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). A Rule 60(b) motion permits relief from judgment when it is based on one of six specific grounds listed in the rule. As relevant here, Rule 60(b)(1) allows for relief in instances of, among other things, "mistake," or "excusable neglect." Rule 60(4) permits relief if "the judgment is void," that is, "if the court acted in a manner inconsistent with due process of law in reaching that judgment," *Medina v. Manufacturer's & Traders Trust Co.*, 04 C 2175, 2004 WL 3119019, at *4 (N.D. Ill. Dec. 14, 2004). Finally, Rule 60(b)(6) allows for relief for "any other reason that justifies relief." While a motion under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order," a motion under Rules 60(b)(4) or (b)(6) may be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Despite Height's sympathetic circumstances, relief from judgment is not appropriate here. First, even if he could show mistake or excusable neglect, Height cannot rely on Rule 60(b)(1) because his motion is untimely. See *Wesco Products Co. v. Alloy Automotive Co.*, 880 F.2d 981, 985 (7th Cir. 1989) (stating that the one year time limit is jurisdictional and may not be extended). Further, assuming that a year and nine months after the entry of judgment is not an unreasonable time to wait to file a Rule 60(b)(4) or (b)(6) motion, neither subsection provides a basis for relief. "A void judgment for purposes of Rule 60(b)(4) is generally defined as a judgment entered by a court without jurisdiction or in contravention of due process of law." *Wesco Prods. Co.*, 880 F.2d at 984. Height is a member of a class certified under Federal Rule of Civil Procedure 23(b)(3). Such a class is governed by Rule 23(c)(2), which requires that members of the class be given "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2). The purpose of Rule 23(c)(2) is to afford members of the class due process, thereby guaranteeing class members the opportunity to be excluded from the class action and not be bound by any subsequent judgment. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974). First class mail will generally satisfy Rule 23(c)(2)'s requirement of "the best notice practicable under the circumstances." See, *e.g.*, *id.* at 173-75. As long as the method of providing the notice is "reasonably calculated, under all the circumstances," to inform the class members of the pendency of the class action, due process considerations have been satisfied.

The Court has twice ruled that the notice provided under the settlement agreement satisfied the requirements of Rule 23(c)(2) and due process. Nothing in Height's motion

has convinced the Court that its rulings were in error. Pursuant to the settlement agreement, class counsel mailed notice of the class action and proposed settlement to each individual class member using a list of addresses provided by Merit. Once the Court entered its final order in the case, class counsel mailed settlement checks to the same individual class members. Pursuant to the settlement agreement, if a notice or check was returned undeliverable, class counsel was to make all reasonable efforts to locate that class member's current address – which counsel here certifies they did. This notice method clearly satisfies due process. Accordingly, Rule 60(b)(4) does not warrant the reopening of this case.

Nor does the "catch-all" provision of Rule 60(b)(6) provide a basis for relief. Granting relief under Rule 60(b)(6) requires evidence of "extraordinary and exceptional circumstances." *Musch v. Domtar Indus., Inc.*, 587 F.3d 857, 861 (7th Cir. 2009). At first blush, Height's circumstances appear unusual, if not exceptional: in the four months between when he received the proposed settlement notice and when class counsel mailed him his settlement check, his house burned down. But under the terms of the class notice, which Height admits he received, Height was required to provide class counsel with an updated mailing address if he wanted to ensure that he received his settlement check. Height's argument that he submitted a change of address to his employer and that his new address was therefore available to class counsel improperly shifts the burden onto counsel to find him. Class counsel reasonably (and correctly) believed that because Height's proposed settlement notice was not returned to them undeliverable, he received that notice. As such, counsel believed – again, reasonably – that it was appropriate to send Height's settlement check to that same address. Once the check was returned to

class counsel, they had an obligation under the settlement agreement to "perform a reasonable search for a more current address for" Height. [42 at 6.] Class counsel complied with that obligation and then, when they were unsuccessful, held Height's settlement funds in trust for him for one year. While unfortunate, Height's circumstances do not warrant the extraordinary relief that he seeks.

### III. Conclusion

Because Height cannot demonstrate a basis for relief from judgment under Rule 60(b), the Court respectfully denies Height's motion to reopen this case.

Dated: December 5, 2011  _____

Robert M. Dow, Jr.
United States District Judge